IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORIS G. ROGERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1389 |
| | § | |
| KBR TECHNICAL SERVICES, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Noris B. Rogers asks this court to rehear and reconsider its ruling that Rogers must arbitrate his claims against defendant KBR. (Docket Entry No. 32). Rogers asks this court to stay the case, based on his motion for reconsideration. (Docket Entry No. 31). Rogers raises three specific grounds.

The first ground is that this court failed to address legal and factual issues that Rogers raised. This court analyzed the pleadings, the motions, the parties' submissions, and the arguments raised. The result of this analysis was the conclusion that the law applied to the facts disclosed in the record required this court to grant the motion to compel arbitration. Rogers has not identified a specific ground for rehearing or reconsidering that conclusion.

Second, Rogers urges that if this court denies the motion for rehearing, the court must appoint the arbitrator. The Dispute Resolution Plan and Rules provide a process for the parties, not the court, to select an arbitrator.

Third, Rogers asks this court to consider whether she should recuse because her husband "is or was" a partner at the law firm of Vinson & Elkins. The judge's husband left Vinson & Elkins 19 years ago. Under 28 U.S.C. § 455(a), a movant must show that recusal is required because the judge's "impartiality might reasonably be questioned." This standard recognizes the "need to prevent parties from . . . manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *FDIC v. Sweeney*, 136 F.3d 216, 220 (1st Cir. 1998) (internal quotation marks omitted); *see also Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998) (judge must not disqualify himself unnecessarily, or else "litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges."). The recusal standard under section 455(a) is an objective one, focusing on a hypothetical, reasonable observer. The test is whether "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988)). A reasonable and objective person, knowing all the facts, would not harbor doubts concerning this judge's impartiality based on this judge's husband's long-past association with Vinson & Elkins.

The motion for rehearing and the motion to stay are denied.

SIGNED on July 28, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge