```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


NORIS G. ROGERS,                  §
                                  §
                                  §
            Plaintiff,            §
                                  §
v.                                §
                                  §   CIVIL ACTION NO. H-06-1389
                                  §
KBR TECHNICAL SERVICES, INC.      §
AND THE UNITED STATES ARMY        §
FIELD SUPPORT COMMAND             §
                                  §
            Defendants.           §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff Noris G. Roger's Motion to Vacate Decision and Award of Arbitrator (Docket Entry No. 68) and KBR Technical Services' ("KBR") Motion to Confirm Arbitration Award (Docket Entry No. 70). For the reasons explained below, the court will deny plaintiff's motion, grant KBR's motion, and confirm the arbitrator's award.

### I. Factual Background

KBR is an affiliate of Halliburton that provides travel and other services for Service Employees International Inc. ("SEII"), also an affiliate of Halliburton, and logistical services for the United States Army, including plumbing, electrician, lodging, and

sanitation services.[1] On August 25, 2005, plaintiff entered into an employment contract with SEII through KBR to perform electrician services at Camp Eggers in Afghanistan.[2] On November 20, 2005, KBR terminated plaintiff for violating company policy.[3]

After returning to the United States, plaintiff filed a complaint against KBR alleging claims of breach of contract, employment discrimination, wrongful termination, and deceptive trade practices, among others.[4] KBR moved to dismiss the complaint and compel arbitration.[5] Under the terms of plaintiff's employment agreement with SEII, plaintiff agreed to submit "any and all claims" related to his employment to arbitration in accordance with the Halliburton Dispute Resolution Plan and Rules.[6] Accordingly, plaintiff's claims against KBR were dismissed so that arbitration could proceed.[7]

---

[1] Defendant KBR Technical Services, Inc.'s Motion to Confirm Arbitration Award and Response to Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 70, Exhibit B, Award of Arbitrator, at p. 2.

[2] Id.

[3] Id. at p. 4.

[4] See Original Complaint of Noris G. Rogers, Docket Entry No. 1.

[5] See Defendant KBR Technical Services Inc.'s Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 21.

[6] Memorandum and Order, Docket Entry No. 30, p.3.

[7] Id. at p. 9.

The parties participated in an arbitration hearing in Houston, Texas, in March and April of 2007.[8]  Based on the evidence submitted at the hearing, the arbitrator awarded plaintiff $252.84. This represented $178.80 for work-area differential pay that plaintiff did not receive, and $74.04 for postal expenses that plaintiff incurred while working in Afghanistan.[9]  The arbitrator expressly or implicitly denied all other claims.[10]

In the wake of the arbitrator's decision, plaintiff filed a Motion to Vacate Decision and Award of Arbitrator claiming that the arbitrator's award was unlawful.[11]  KBR filed its Motion to Confirm Arbitration Award and Response to Plaintiff's Motion to Vacate Decision and Award of Arbitrator.[12]

## II.  Legal Standard

"To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the [Federal Arbitration Act] narrowly restricts judicial review of arbitrators' awards."

---

[8]Defendant KBR Technical Services, Inc.'s Motion to Confirm Arbitration Award and Response to Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 70, Exhibit B p. 2.

[9]Id. at pp. 6-7.

[10]See id. at p. 1.

[11]Docket Entry No. 68.

[12]Docket Entry Nos. 69 and 70.

Positive Software Solutions v. New Century Mortg., 476 F.3d 278, 280 (5th Cir. 2007). Accordingly, "[t]he draconian remedy of vacatur," id. at 286, is available only under limited statutory or common-law exceptions. Kergosien v. Ocean Energy Inc., 390 F.3d 346, 353 (5th Cir. 2004).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), provides four statutory bases for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to . . . hear evidence pertinent and material to the controversy; . . .; or
>
> (4) where the arbitrators exceeded their powers . . . .

The Fifth Circuit also recognizes two common-law grounds for vacating an arbitration award: "manifest disregard of the law" and "contrary to public policy." Kergosien, 390 F.3d at 353. The party moving to vacate an arbitration award bears the burden of proof. Karaha Bodas Co. v. Perusahaan Pertambangan Minyak, 364 F.3d 274, 288 (5th Cir. 2004).

### III. Analysis

Plaintiff seeks to vacate the arbitrator's award based on claims that the arbitrator was partial or corrupt, refused to hear pertinent and material evidence, exceeded her authority, and

manifestly disregarded the law. However, the court finds that plaintiff has not met his burden in proving these claims.

### A. Evident Partiality and Corruption

While plaintiff alleged that the arbitrator was partial and corrupt,[13] he has provided no argument or authorities to support the allegation. "Inadequately briefed issues are deemed abandoned." United States v. Stevens, 487 F.3d 232, 242 n.1 (5th Cir. 2007). Thus, because plaintiff failed to adequately brief and argue this point, the court rejects plaintiff's allegation.

### B. Refusing to Hear Pertinent and Material Evidence

Plaintiff argues that the arbitrator committed misconduct when she initially refused to allow the LOGCAP contract (the contract between KBR and the United States Army[14]) into evidence, but then later accepted the contract into evidence after the arbitration hearing concluded. Plaintiff alleges that this reversal of position constituted misconduct because "[t]here is no evidence in the Award that [the arbitrator] gave careful consideration to this

---

[13]Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 68, p. 1.

[14]Defendant KBR Technical Services, Inc.'s Motion to Confirm Arbitration Award and Response to Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 70, Exhibit B p. 2.

evidence."[15]  The FAA authorizes vacatur of an award if the arbitrator has refused to hear pertinent and material evidence.  9 U.S.C. § 10(a)(3).  This provision does not authorize vacatur merely because the arbitrator refused to receive relevant evidence.  <u>Karaha Bodas Co.</u>, 364 F.3d at 301.  Rather, to prove misconduct sufficient to warrant vacatur, plaintiff must prove that the arbitrator denied him "an adequate opportunity to present [his] evidence and arguments."  <u>Prestige Ford v. Ford Dealer Computer Services</u>, 324 F.3d 391, 395 (5th Cir. 2003).

  Exactly what misconduct the arbitrator committed is unclear from the plaintiff's allegations.  Plaintiff may be arguing that the arbitrator denied him a fair hearing by first denying and then later accepting the contract into evidence; or he may be arguing that by admitting the contract into evidence after the arbitration hearing had ended, the arbitrator failed to give the contract due consideration.  If the former, the plaintiff's claim is moot, and must therefore fail, because any unfairness that resulted from the arbitrator's initial denial of the evidence was cured by her eventual acquiescence.  See <u>Louisiana Environmental Action Network v. E.P.A.</u>, 382 F.3d 575, 581 (5th Cir. 2004) ("If a dispute has been resolved, or if it has evanesced because of changed circumstances, it is considered moot.").  If the latter, the

---

[15]Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 68, p. 15.

plaintiff's claim still fails because the court has no authority "'to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.'" Kergosien, 390 F.3d at 357 (quoting Major League Baseball Players Ass'n v. Garvey, 121 S. Ct. 1724, 1728 (2001)). To vacate the award on grounds that the arbitrator failed to give sufficient consideration to the LOGCAP contract would be to impermissibly review the award on the merits.

**C. Exceeding the Powers Given by the Arbitration Contract**

Plaintiff next contends that the arbitrator exceeded her power in deciding the award. Since "'[a]rbitration is a matter of contract,'" an arbitrator's powers are "'dependent on the provisions under which the arbitrators were appointed.'" Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 401 (5th Cir. 2007) (quoting Brook v. Peak Int'l, 294 F.3d 668, 672 (5th Cir. 2002)). Thus, the FAA permits vacatur of an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Arbitrators exceed their power when they act "'contrary to . . . express contractual provisions[.]'" Id. at 402 (quoting Delta Queen Steamboat Co. v. AFL-CIO, 889 F.2d 599, 604 (5th Cir. 1989)). When determining whether arbitrators have exceeded their power, the court "'must resolve all doubts in favor of arbitration.'" Id. (quoting Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 343 (5th Cir. 2004)).

Plaintiff argues that the arbitrator exceeded her power by incorporating the American Association of Arbitration's ("AAA") rules and procedures into the Halliburton Dispute Resolution Plan and Rules ("HDRP").  However, the HDRP state plainly that "[t]o the extent consistent with [the HDRP], the Employment Dispute Resolution Rules of AAA . . . also apply to all proceedings governed by [the HDRP]."[16]  Plaintiff has not explained how AAA's rules and procedures are inconsistent with the HDRP.  Since the HDRP expressly allows the arbitrator to incorpoarate AAA's rules and procedures, there is no basis for plaintiff's claim that the arbitrator exceeded her power.

### D. Manifest Disregard for the Law

Plaintiff also cites the common-law grounds of "manifest disregard for the law" as a basis for vacatur. A mere mistake of law or fact does not constitute a manifest disregard for the law. See Apache Bohai Corp. LDC, 480 F.3d at 401.  Instead, to prove that the arbitrator manifestly disregarded the law, plaintiff must make two showings.  First, plaintiff must show that the arbitrator made an obvious error, one that was "'capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator.'"  Id. at 405 (quoting Kergosien, 390 F.3d at 355).

---

[16]Defendant KBR Technical Services, Inc.'s Motion to Confirm Arbitration Award and Response to Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 70, Exhibit D p. 8 ¶ 2.C.

Plaintiff must also show that "the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it." Id. (internal quotations omitted). A "clearly governing principle" is a principle of law that is "'well-defined, explicit, and clearly applicable.'" Id. (quoting Prestige Ford, 324 F.3d at 395). Second, plaintiff must show that "the award resulted in a significant injustice." Kergosien, 390 F.3d at 355.

Plaintiff argues that the arbitrator manifestly disregarded the law when she applied AAA's rules and procedures to his dispute;[17] denied plaintiff's Motion for Judgment by Default;[18] refused to invalidate the employment agreement between plaintiff and KBR;[19] denied his claim under the Texas Deceptive Trade Practices Act;[20] refused to issue a written statement of reasons on plaintiff's personal injury claim;[21] and failed to rule on his false advertising claim.[22] As authority for his arguments, plaintiff

---

[17]Plaintiff's Motion to Vacate Decision and Award of Arbitrator, Docket Entry No. 68, pp. 6-8.

[18]Id. at pp. 9-10.

[19]Id. at pp. 11-13.

[20]Id. at p. 14.

[21]Id. at p. 15.

[22]Id. at pp. 15-16.

cites contractual provisions,[23] arbitration rules,[24] and a few statutes,[25] but provides no explanation or authority that would establish his interpretation of those provisions as "a clearly governing principle." Moreover, plaintiff has not shown that the arbitrator deliberately chose to ignore the provisions. Because plaintiff has failed to meet his burden of proof, his manifest disregard claims must fail.

## IV.  Conclusion and Order

Based on the foregoing, plaintiff's Motion to Vacate Decision and Award of Arbitrator (Docket Entry No. 68) is **DENIED**.  KBR's Motion to Confirm Arbitration Award (Docket Entry No. 70) is **GRANTED**, and the Final Award of the arbitrator will be **CONFIRMED**. **SIGNED** at Houston, Texas, on this 7th day of November, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[23] See, e.g., id. at pp. 9-10, 11-13.

[24] See, e.g., id. at p. 7.

[25] See, e.g., id. at pp. 14-15.